IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 18, 2009

## STATE OF TENNESSEE v. DENNIS R. SHAW

**Direct Appeal from the Criminal Court for Putnam County**
**No. 07-0778     Leon Burns, Judge**

_____

**No. M2009-00669-CCA-R3-CD - Filed December 28, 2010**

_____

Following a jury trial in Putnam County, Defendant, Dennis Russell Shaw, was convicted of driving on a revoked license, second offense or subsequent offense, violation of the registration law, and violation of the financial responsibility law. He has appealed only the driving on revoked license conviction, arguing that his conviction was improperly enhanced beyond a first offense. After reviewing the briefs of the parties and the record, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the Court, in which JERRY L. SMITH and CAMILLE R. MCMULLEN, JJ., joined.

William A. Cameron, Cookeville, Tennessee, for the appellant, Dennis R. Shaw.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; Anthony J. Craighead, District Attorney General Pro Tempore; and Marty Savage, Assistant District Attorney General, for the appellee, the State of Tennessee.

## OPINION

Defendant failed to include the trial transcript in the appellate record. Exhibits admitted during the trial are included. Exhibit number 5 includes certified copies of judgments from the Shelby County Criminal Court showing that Defendant has previously been convicted of a violation of Tennessee Code Annotated section 55-50-504 (driving on a revoked or suspended license) on at least three prior occasions for offenses committed on September 20, 2001, August 15, 2000, and November 6, 1999.

The judgment Defendant is presently appealing shows that he was convicted of driving on a revoked license, second or subsequent offense, a Class A misdemeanor. The precise issue raised on appeal by Defendant is quoted in full as follows:

Whether the Defendant was improperly enhanced to a driving on revoked 9th [sic] offense, based on an affidavit by the Department of Safety, rather than certified copies of any prior judgments?

In the argument section of his brief, Defendant's entire argument, other than a restatement of his issue, is contained in one paragraph on one page. The argument fails to reference and cite to any portion of the transcript as required by Rule 10(b) of the Rules of the Court of Criminal Appeals of Tennessee, which is a direct result of Defendant's failure to provide an adequate record for review of purported trial court error, by not including a transcript of the trial.

Relying upon *Melendez-Diaz v. Massachusetts*, _____ U.S. _____, 129 S. Ct. 2527 (2009), Defendant argues that certified copies of judgments of prior convictions should have been used to prove his prior convictions, rather than an affidavit from the Tennessee Department of Safety.

As stated above, certified copies of at least three prior convictions for driving on a revoked or suspended license were admitted as evidence. In addition, even if the exhibit containing the certified copies of the judgments was not included in the appellate record, absent a transcript or statement of the evidence pursuant to Tennessee Rule of Appellate Procedure 24, this Court must presume that the evidentiary rulings made by the trial court were correct. *State v. Oody*, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991). Defendant is entitled to no relief on appeal.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, JUDGE